# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
# AT HUNTINGTON

| | |
|---|---|
| **RHONELLA CHAFFIN, an individual;** | ) CASE NO: 3:08-0870 |
| | ) |
| **Plaintiff,** | ) JUDGE: |
| | ) |
| vs. | ) **COMPLAINT FOR VIOLATION OF:** |
| | ) |
| **NISOURCE, INC. d/b/a COLUMBIA GAS** | ) 1. ERISA SECTION 502(a)(1)(B); |
| **TRANSMISSION COMPANY, an Indiana** | ) 2. ERISA SECTION 502(c)(1)(B); |
| **Corporation; NISOURCE LONG-TERM** | ) |
| **DISABILITY PLAN, an Employee Welfare** | ) [29 USCS 1132(a)(1)(B)] |
| **Benefit Plan; THE PRUDENTIAL** | ) [29 USCS 1132(g)] |
| **INSURANCE COMPANY OF AMERICA,** | ) [29 USCS 1132(c)(1)(B)] |
| **a New Jersey Corporation; and DOES 1** | ) |
| **through 10, inclusive,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

Plaintiff, Rhonella Chaffin, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Lawrence County, Kentucky. She was an employee of Columbia Gas Transmission Company, and by virtue of said employment she qualified for disability benefits.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, NiSource, Inc. d/b/a Columbia Gas Transmission Company, is a corporation organized and existing under the laws of Indiana and doing business in the southern district of West Virginia.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, NiSource Long-Term Disability Plan, is a corporate plan organized and existing under the laws of Indiana and doing business in the southern district of West Virginia.

4. Plaintiff is informed, believes and thereupon alleges that Defendant, The Prudential Insurance Company of America, is a corporation existing under the laws of New Jersey and doing business in the southern district of West Virginia.

5. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged.

## Jurisdiction and Venue

6. Jurisdiction is conferred on this court by 29 U.S.C. § 1001 et seq. and 29 U.S.C. § 1132 (e) (1) (Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendants' breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division). The Defendants are additionally doing business in the within the jurisdiction of the United States District Court for the Southern District of West Virginia (Huntington Division).

7. NiSource, Inc. d/b/a Columbia Gas Transmission Company adopted an employee benefit plan titled NiSource Long-Term Disability Plan. The Plan was at all material times a duly organized, existing and qualified plan. A copy of the Plan was not provided by the Defendants.

8. The Plaintiff was a duly qualified participant in the Plan at all material times hereto.

9. All of the benefits due to the Plaintiff in accordance with the Plan were (and are) vested and non-forfeitable. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

10. The Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

11. According to the terms of the Plan (as outlined in the denial letter dated November 20, 2006) disability means you are disabled when Prudential determines that: you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury; and you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury. After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience.

12. On or about January 7, 2005, the Plaintiff became totally disabled by virtue of her inability to work at her own occupation or any occupation as required by the Plan.

13. The Plaintiff received short-term disability benefits from January 7, 2005 through July 15, 2005.

14. On or about May 23, 2005, the Plaintiff applied for long-term disability benefits through Defendant, The Prudential Insurance Company of America.

15. On or about July 1, 2005, the Plaintiff was denied long-term disability benefits from Defendant, The Prudential Insurance Company of America.

16. On or about October 2005, counsel for the Plaintiff appealed the decision of the Defendant, The Prudential Insurance Company of America to deny benefits. The Plaintiff received a letter from the Defendant, The Prudential Insurance Company of America dated November 8, 2005, stating the appeal had been received and had been ". . . . suspended pending receipt of additional information." On or about January 31, 2006 the Defendant, The Prudential Insurance Company of America sent counsel for the Plaintiff an additional letter requesting more time to make a decision on the appeal.

17. On or about March 7, 2006, counsel for the Plaintiff received a third denial letter from Nancy Pichette, Senior Appeals Analyst for Defendant, The Prudential Insurance Company of America. Approximately 145 days since counsel for Plaintiff appealed the second denial.

18. On or about November 20, 2006, counsel for the Plaintiff received the final denial letter from Defendant, The Prudential Insurance Company of America. The denial exhausted all available administrative remedies by appealing the decision to deny benefits.

19. According to ERISA Section 4.03(F) and the Plan, there is a 45 day limit to notify the claimant of a favorable or unfavorable claim decision once an application is submitted.

20. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

      a.     The opinions of her physicians, *See Exhibit "A"*; and

      b.     The holding of the United States Social Security Administration, *See Exhibit "B"*.

21. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

22. The Court has de novo authority to review the decision of the Plan.

### FIRST CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Defendants NiSource, Inc. d/b/a Columbia Gas Transmission Company, NiSource Long-Term Disability Plan, The Prudential Insurance Company of America and DOES 1 through 5, inclusive.)**

23. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22, inclusive.

24. The Plaintiff is due rights and benefits under the terms of the Plan.

25. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

26. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

27. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

28. As a further direct and proximate result of the Defendants' actions the Plaintiff has incurred and will incur in the future, attorney's fees and costs in an amount to be proven.

## SECOND CAUSE OF ACTION

(Violation of Section 502 (c)(1)(B) Against Defendants NiSource, Inc.
d/b/a Columbia Gas Transmission Company, NiSource Long-Term Disability Plan,
The Prudential Insurance Company of America and DOES 6 through 10, inclusive.)

29. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 28, inclusive.

30. ERISA Section 502(a)(1)(A) authorizes civil penalty actions by Plan participants and beneficiaries for reporting and disclosure of violations by Administrators of up to $110.00 per day from the date of the request.

31. On or about August 28, 2007, counsel for the Plaintiff requested information, including the Plan and the complete Administrative Record, by separate letters to Plan Administrator Defendants NiSource, Inc. d/b/a Columbia Gas Transmission Company and The Prudential Insurance Company of America.

32. On or about September 11, 2007, Defendant, The Prudential Insurance Company of America responded to the letter request. However, it refused to produce the requested information, including, but not limited to the Administrative Record and Plan, as required by the statute and the Department of Labor Regulations. Defendant NiSource, Inc. d/b/a Columbia Gas Transmission Company also refused to produce the requested documents.

33. The Defendants, on or both, are plan administrators, and have failed or refused to comply with numerous requests for information, e.g. *the Plan and Administrative Record*.

34. The requested information is required to be provided.

35. The personal liability of any Administrator who fails or refuses to provide the required information is authorized by ERISA Section 502(c)(1)(B).

36. The Court should impose the authorized civil penalty for the Defendants' failure or refusal to provide the information.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to the Plaintiff all benefits due under the Plan;

2. Ordering the Defendants to pay a civil penalty in the amount of $110.00 per day;

3. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award the Plaintiff a money judgment for all sums owed to the Plaintiff;

4. Awarding the Plaintiff prejudgment interest to the date of judgment;

5. Awarding the Plaintiff attorney's fees, court costs and all other reasonable costs incurred; and

6. Granting the Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated: June 26, 2008**

**UNDERWOOD & PROCTOR**

By: _____
Mark F. Underwood, WVSB #7023
**Counsel for Plaintiff**
**RHONELLA CHAFFIN**
923 Third Avenue
Huntington, WV 25701
Telephone: (304) 522-0508
Facsimile: (304) 399-5449