IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

RHONELLA CHAFFIN, an individual,

                Plaintiff,

v.                                    CIVIL ACTION NO. 3:08-0870

NISOURCE, INC. d/b/a COLUMBIA GAS
TRANSMISSION COMPANY, an Indiana
Corporation, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Motion by Defendants NiSource, Inc. d/b/a Columbia Gas Transmission Company[1] and NiSource Long-Term Disability Plan to Set Aside Entry of Default (hereinafter referred to as the NiSource Defendants) [Doc. No. 15]. Also pending is Plaintiff's Motion for Default Judgment [Doc. No. 17]. For the following reasons, the Court **GRANTS** the NiSource Defendant's motion and **DENIES** the motion by Plaintiff.

**I.
FACTS**

On June 25, 2008, Plaintiff filed this action against the NiSource Defendants and The Prudential Insurance Company of America (Prudential). On June 26, 2008, the Clerk of this Court issued a Summons for each Defendant. The address on the Summonses for the NiSource Defendants was obtained from the West Virginia Secretary of State's Office's website. Exhibit A to Plaintiff's Opposition to Motion for Relief from Entry of Default shows a printout from the Secretary of State's

---

[1] Defendants assert that the correct name is Columbia Gas Transmission Corporation.

Office with the name of Columbia Gas Transmission Corporation with its principal office located in Fairfax, Virginia with the Notice of Process Address as: Mary Pat Wilson, 12801 Fair Lakes Parkway, Fairfax, VA 22030.

      Plaintiff's counsel mailed the Complaint and Summonses to the Secretary of State's Office, with the required fee, on July 3, 2008. The Summonses and Complaint were received by the Secretary of State's Office on or about July 7, 2008. The Secretary of State's Office mailed copies of the Complaint and Summonses to the NiSource Defendants to the Fairfax, Virginia address as listed on the Summonses.[2] On July 10, 2008, Joan Tyree signed the certified mail return receipts.

      On July 28, 2008, the Secretary of State sent Legal Notices to the Clerk of this Court stating that she had "accepted service of process in the name and on behalf of" each Defendant.[3] The Legal Notices, together with the Summonses and copies of the certified mail return receipts, were filed in this Court on July 30, 2008. Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure "[a] defendant must serve an answer within 20 days after being served with the summons and complaint[.]" *Fed. R. Civ. P.* 12(a).

      The NiSource Defendants retained the law firm of Porter, Wright, Morris & Arthur LLP, of Columbus, Ohio to represent them in this action. The NiSource Defendants state that their counsel, Adele E. O'Conner, phoned counsel for Plaintiff, Mark Underwood, on August 12, 2008,

---

[2] The Complaint and a Summons also was sent to Prudential.

[3] A separate Legal Notice was sent for each Defendant.

regarding the case. On August 14, 2008, Ms. O'Conner faxed Mr. Underwood a follow-up letter stating that the NiSource Defendants did not receive service of process.[4] There is no mention in the letter about a request for an extension of time. Attached to the facsimile was an "Application to Appoint or Change Agent for Process, Officers, and/or Office Addresses" for Columbia Gas Transmission Corporation to designate "Corporation Service Company" of Charleston, West Virginia, as its "Agent of Process." Unfortunately, although the Application was stamped as filed by the Secretary of State's Office on August 27, 2001, it appears that the Secretary of State's website was not updated to reflect that service should be made on Corporation Service Company. As a result, the Complaint and Summonses were sent to the Fairfax, Virginia, address.

At some point, Mr. Underwood states that he spoke with Ms. O'Conner. Mr. Underwood contends that Ms. O'Conner told him that she had the Summonses and Complaint, but that Defendants wanted to contest service because it was not effectuated through Corporation Service Company. Mr. Underwood states that he informed opposing counsel that he would review the matter and get back in touch with her.

On Friday, August 15, 2008, Joyce Edelman, another attorney and colleague of Ms. O'Conner, phoned Mr. Underwood regarding the service issue. This conversation was confirmed by an e-mail from Ms. Edelman to Mr. Underwood relating that Mr. Underwood said that he would review Ms. O'Conner's correspondence of August 14. Ms. Edelman phoned Mr. Underwood the

---

[4]In the letter, Ms. O'Conner states that she earlier left a message with Mr. Underwood's office.

following Tuesday, August 19. During that conversation, Mr. Underwood states that he told Mr. Edelman that he believed the matter was controlled by West Virginia Code § 31D-15-1510(d) and that the Secretary of State's website still had the Fairfax, Virginia address listed as where service should be made. Mr. Underwood e-mailed Ms. Edelman a copy of the statute, and he states that he made a follow-up phone call to ensure that she received the statute. As the time for the NiSource Defendants to answer had expired, Mr. Underwood states he warned Ms. Edelman that this Court enters defaults *sua sponte*. Indeed, that same day, this Court did enter default judgment against the NiSource Defendants.[5]

By e-mail sent at 4:51 p.m.[6] on August 19, Ms. Edelman wrote "[s]etting aside the service issue for the moment, . . . [Ms. O'Conner] advised that you had granted an extension to August 29th to respond to the complaint. Please confirm." Mr. Underwood responded at 7:44 p.m. that he had not granted an extension and, in fact, had never discussed an extension of time with Ms. O'Conner because the NiSource Defendants consistently had argued that there was no service. At 9:53 p.m. Ms. Edelman responded by saying she found a note in her file about an extension until the 29th. She said she may have been confused, but would appreciate Mr. Underwood's cooperation in lifting the default.[7]

---

[5]The e-mail from Mr. Underwood was sent at 11:18 a.m. According to the Clerk of this Court, the default notice was sent to e-filers at 3:56 p.m. At the time the default was entered, the NiSource Defendants had not made an appearance in this case so they were notified by certified mail.

[6]The e-mail report from Ms. Edelman shows the e-mail was sent at 4:51 p.m. The e-mail report of Mr. Underwood show the e-mail was sent at 3:51 p.m.

[7]Although the NiSource Defendants were sent notice of the default by certified mail, they
(continued...)

The following morning, Ms. Edelman e-mailed again to say that she had spoken with Ms. O'Conner to clarify the extension issue. Ms. O'Conner told her that she spoke with Mr. Underwood's assistant about an extension and the service issues and that she left a message to speak to Mr. Underwood about the matters, but he did not return her call before she left on vacation. Mr. Underwood represents to this Court that his assistant was on vacation for the entire week during which the conversation allegedly took place.

On September 5, 2008, the NiSource Defendants through local counsel filed a motion to set aside the default.[8] Plaintiff has responded in opposition to the motion. Pursuant to this Court's Order for entry of default, Plaintiff also filed her Motion for Default Judgment on September 8, 2008.[9] The NiSource Defendants oppose Plaintiff's motion.

## II.
## DISCUSSION

In its motion to set aside the default, the NiSource Defendants assert that they were not properly served and that good cause exists to lift the default pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. The parties agree that the issue of service is controlled by West Virginia Code § 31D-15-1510. However, the parties disagree on the application of that statute. The NiSource Defendants assert that service to them should have been made to its principal office in

---

[7](...continued)
apparently were aware of the Order on the day it was issued.

[8]On September 10, 2008, Ms. O'Conner filed a Statement of Visiting Attorney.

[9]The Court's Order directed Plaintiff "to file the appropriate motion and affidavits, or to arrange for the necessary evidentiary hearing, to facilitate the entry of default judgment, pursuant to
*Fed. R. Civ. P.* 55(b), within twenty days of entry of this Order." *Order of August 19, 2008*.

Merrillville, Indiana, as required by § 31D-15-1510(e) or through the registered agent of Columbia Gas Transmission Corporation pursuant to subsection (d). Plaintiff states that although subsections (a) and (b) address service through a registered agent and service by certified mail, respectively, subsection (d) provides that service of process through the Secretary of State is sufficient even if a registered agent has been appointed. The Court finds it need not resolve the service issue because, even if service was proper, the default should be lifted for good cause. In that event, the NiSource Defendants state that they are willing to allow the case to proceed to be decided on the merits. Thus, they are presumably waiving their arguments of improper service.

Pursuant to Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." *Fed. R. Civ. P.* 55(c). This decision rests largely within this Court's discretion and takes into consideration such factors as "'whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.'" *Hanson and Morgan Livestock, Inc. v. B4 Cattle Co.*, Civ. Act. No. 5:07-cv-00330, 2007 W.L. 4305606 at *2 (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 250 (4th Cir. 1967); *Payne v. Brake*, 439 F.3d 198, 205 (4th Cir. 2006)). In addition, the Court is mindful that Rule 55(c) should be liberally construed to prevent the harsh consequences that defaults and default judgments have. *Id.* (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "Accordingly, 'any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits.'" *Id.* (quoting *Tolson*, 411 F.2d at 130).

In this case, the NiSource Defendants moved relatively quickly to lift the default. The default was entered on August 19, 2008, and they filed their motion to set aside the default on September 5, 2008. In addition, the Court is unaware of any history of dilatory action by the NiSource Defendants. The initial problem in this case arose because the Secretary of State's Office failed to update its website, which gave rise to the service issue. Although the Court understands that the NiSource Defendants dispute the propriety of service, they clearly were aware of the action as evidenced by their discussions with Plaintiff's counsel. The NiSource Defendants could have easily prevented the default by alerting the Court of the alleged problem or by formalizing an extension of time with Plaintiff. [10] The Court recognizes that the parties dispute whether there was a discussion or an agreement with respect to an extension of time. Although the Court finds Plaintiff's version of events more credible, irrespective of any alleged discussion, it was the NiSource Defendant's responsibility to formalize the agreement and/or otherwise notify the Court that a problem existed which would have prevented the default. Instead, the NiSource Defendants waited until after the default was entered before it took any action to inform the Court that there was a potential problem with service. Thus, the Court finds that the NiSource Defendants are clearly responsible for the default being entered.

Upon consideration of all the facts, however, the Court believes that entry of default judgment against the NiSource Defendants is too harsh a penalty. As previously mentioned, the problem began because of the Secretary of State's website, rather than the fault of either party. In

---

[10]This Court is aware that Plaintiff's counsel routinely agrees to such requests and, in fact, agreed to such a request in this case with Prudential. *See Stipulation for Extension of Time in which to File Answer* between Plaintiff and Prudential [Doc. No. 6].

addition, if the case is allowed to proceed, the NiSource Defendants assert they have a meritorious defense to the Complaint. Moreover, the Court recognizes that Plaintiff will suffer little prejudice as her action remains pending against Prudential. In weighing these factors against the NiSource Defendants' role in the default, the Court finds that the liberality of Rule 55(c) warrants a less drastic sanction than entry of default judgment. Therefore, the Court **GRANTS** the NiSource Defendants' Motion to Set Aside Entry of Default [Doc. No. 15]. However, as the NiSource Defendants did fail to notify the Court of any problem or secure an extension of time, the Court finds that they should pay Plaintiff's attorney's fees and costs in drafting and filing his Response to this motion and his Motion for Default Judgment, which the Court directed him to do upon entry of the default. The Court finds that the payment of fees and costs is equitable under the circumstances and is less drastic than a default judgment. *See, e.g., Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953-54 (4th Cir. 1987) (setting aside the default and finding that where an attorney was dilatory the attorney could be "charged with all costs and expenses attendant to the delay, including attorneys' fees" as a less drastic sanction).

### III.
### CONCLUSION

Accordingly, the Court **GRANTS** the NiSource Defendants' Motion to Set Aside Entry of Default [Doc. No. 15] and will allow this case to proceed to the merits. The Court **DIRECTS** the NiSource Defendant's to file their responsive pleadings to the Complaint within seven days of entry of this Order. In their Reply, the NiSource Defendants also state that, if the default is lifted, they are "prepared to move forward under the current scheduling order and can meet all of the currently scheduled dates, including the dispositive motion deadline of November 17, 2008." If any party needs additional time, they should contact the Court prior to the deadline. In

addition, the Court **DIRECTS** Plaintiff's counsel to file with the Court on or before **November 14, 2008**, a Memorandum setting forth the number of hours he spent drafting and filing the Response and the Motion for Default Judgment, together with his hourly rate, and any costs expended. If the NiSource Defendant's choose to challenge the amount of fees or costs, it must file a Response on or before **November 18, 2008**. Plaintiff's Reply, if any, must be filed on or before **November 21, 2008**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: November 3, 2008

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE